**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
Telephone: 503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
Telephone: 503-726-5975
VICKERS PLASS LLC
5200 SW Meadows Road, Suite 150
Lake Oswego, OR 97035

      Of Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| RYAN DOUGLAS CLARK,<br><br>                      Plaintiff,<br><br>      v.<br>GRANTS PASS SCHOOL DISTRICT NO. 7, A public body; KIRK KOLB; An individual, in his capacity as Superintendent of Grants Pass School District No. 7; BARRET SALE, an individual in his capacity as Principal of South Middle School; and DOES 1 THROUGH 50, Inclusive<br>                   Defendants. | Case No. 1:21-cv-00872-CL<br><br><br>DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO FINDINGS AND RECOMMENDATION GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

      Defendants Kirk Kolb, Barret Sale, and the Grants Pass School District ("District")

submit this response to plaintiff Ryan Clark's objections to the Magistrate Judge's Findings and

Recommendations ("F&Rs").

**INTRODUCTION**

      The background is given in the parties' respective summary judgment briefing and in the

F&Rs.

PAGE 1 – DEFENDANTS' RESPONSE TO OBJECTIONS TO FINDINGS GRANTING DEFENDANTS'
        MOTION FOR SUMMARY JUDGMENT

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

In brief, plaintiff Ryan Clark is a teacher within the District.  Several of his co-workers, who are also District parents, made complaints about him.  The District investigated the complaints and found no violation of District policies.  The District so advised plaintiff and reminded him of policies that apply to all teachers.  Plaintiff, in turn, "appealed" (there was nothing to appeal) and asked a series of hypothetical questions which the District attempted to answer.  The District's answers repeatedly reaffirmed plaintiff's First Amendment rights. Plaintiff was not disciplined.  He did not lose any money.

Plaintiff filed this lawsuit making claims for alleged violations of his First Amendment rights under the federal constitution, speech rights under the Oregon Constitution, religious discrimination under Title VII and the analogous Oregon statute, and the state law tort of intentional infliction of emotional distress.  Plaintiff brought these claims against the District, Kirk Kolb, the District superintendent, and Barret Sale, a former District principal.  Defendants moved for summary judgment on all claims.  The Magistrate's F&Rs recommend granting defendants' motion in its entirety.

Plaintiff has filed objections to the F&Rs with respect to all claims except the state law claims for religious discrimination, aiding and abetting, and intentional infliction of emotional distress.  For the reasons set forth below, as well as those given in defendants' prior briefing, plaintiff's objections should be rejected and the Magistrate's rulings should be adopted by this Court.

//

//

//

PAGE 2 – DEFENDANTS' RESPONSE TO OBJECTIONS TO FINDINGS GRANTING DEFENDANTS'
         MOTION FOR SUMMARY JUDGMENT

## ARGUMENT

### I.  Plaintiff's section 1983 claims fail as a matter of law.

Plaintiff asserts three 42 U.S.C. § 1983 claims.  These are based on alleged violations of plaintiff's First Amendment rights of speech, association and religion.  The Magistrate found that each claim fails because: (a) plaintiff did not suffer an adverse action; (b) the District's interests outweigh plaintiff's with respect to any "restrictions" placed on plaintiff's First Amendment rights; (c) individual defendants Kolb and Sale are entitled to qualified immunity; and (d) plaintiff did not establish *Monell* liability.  F&Rs at 6-14.

### a.  Plaintiff did not suffer an adverse action.

The Magistrate found that no reasonable juror could find that he suffered an adverse employment action.  F&Rs at 7.  That is, the complaints against him were not substantiated.  He was told that he did not violate any policies.  He was not disciplined, and he lost no money.

In so holding, the Magistrate noted that in response to plaintiff's hypothetical questions, the District repeatedly reaffirmed plaintiff's First Amendment rights and reminded him of rules that apply to all employees.  F&Rs at 7.  In his objections, plaintiff argues that defendants "merely paid lip service" to his First Amendment rights.  Objections at 3.  He then argues that a jury could infer that Superintendent Kolb was not informing him of what behaviors may violate rules and the possible consequences of those violations, despite the words Kolb actually wrote, but rather plaintiff contends Kolb was "heavy-handedly restricting Plaintiff's constitutionally protected freedoms of religion, speech, and assembly." *Id*.

Plaintiff's ipse dixit is insufficient.  He points to nothing from which the Court could

PAGE 3 – DEFENDANTS' RESPONSE TO OBJECTIONS TO FINDINGS GRANTING DEFENDANTS'
        MOTION FOR SUMMARY JUDGMENT

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

make the requested inference.  The documents at issue are attached to the Complaint.  A close

review shows, as the Magistrate found, that defendants attempted to explain to plaintiff his

speech rights – the same rights that apply to all District employees.

Because plaintiff did not suffer an adverse employment action, his Section 1983 claims

fail.

**b.  *Pickering,* not *Mahanoy,* provides the proper analytical framework for plaintiff's claims.**

The Magistrate found that plaintiff's claims are governed by the analytical framework in

*Pickering.*  F&Rs at 8.  Plaintiff asserts essentially two objections to the Court's *Pickering*

analysis.  First, plaintiff contends that the Magistrate erred in relying on *Pickering* rather than

*Mahanoy Area Sch. Dist. v. B.L.*  Second, plaintiff contends that the Magistrate's ruling is

inconsistent with *Moser v. Las Vegas Metro Police Dept.,* 984 F.3d 900 (9th Cir. 2021).  Both

arguments lack merit.

While true that the Magistrate did not address *Mahanoy* in the F&Rs, the court did not

need to do so.  Defendants addressed the differences between *Mahanoy* and the within case in

their summary judgment reply memorandum.  In short, *Mahanoy* involved student speech, not

employee speech.  Reply at 12.  Employee speech is governed by *Pickering v. Bd. of Educ.,* and

the multitude of cases interpreting it over the last 50 years.  In *Pickering,* the Supreme Court

explained that the government's interest in regulating the speech of its employees differs

markedly from its interest in regulating the speech of ordinary citizens.  *Pickering,* 391 U.S. 563.

Public employers are allowed to prohibit otherwise protected speech where the "interest of the

State, as an employer, in promoting the efficiency of the public services it performs through its

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

employees," outweighs the employee's right to comment on matters of public concern. *Id.* at 568. The Magistrate correctly identified and applied *Pickering.*

The Magistrate's application of *Pickering* was also consistent with *Moser.* Plaintiff argues otherwise, asserting that the Magistrate "ignored the rule that the Ninth Circuit reaffirmed" in *Moser v. Las Vegas Metro. Police Dept.,* 984 F.3d 900 (9th Cir. 2021) that "'bare assertions of future conflict are insufficient to carry the day at the summary judgment stage.'" Objections at 5-6 citing *Moser,* 984 F.3d at 909. Plaintiff argues that complaints the District received from parents and co-workers were insufficient to meet the disruption standard. *See id.*

Plaintiff's argument distorts of the facts of this case and misdescribes *Moser.* Regarding the first issue, the District found that plaintiff's conduct was not sufficiently disruptive, which is why he was not disciplined. But regardless, the District attempted to explain the balance between plaintiff's First Amendment rights and its ability, in fact duty, to prevent disruption to the learning environment. These same standards apply to all teachers. In so-explaining, the District's messages to plaintiff tracked *Pickering.* School officials are permitted to rely upon language the caselaw gives them in crafting workplace rules and policies without running afoul of the First Amendment. *See Dariano v. Morgan Hill Unified Sch. Dist.,* 767 F.3d 764, 781 (9th Cir. 2014) (school's student dress code that incorporates *Tinker* standards does not pose danger of compromising First Amendment rights).

The Magistrate found that as to some of plaintiff's desired speech, like telling certain categories of students that they would go to hell, the District's interests outweighed plaintiff's. F&Rs at 9. *Moser* is not inconsistent with the Magistrate's analysis on that point. *Moser* involved a single social media comment which was deleted and brought to the attention of a

PAGE 5 – DEFENDANTS' RESPONSE TO OBJECTIONS TO FINDINGS GRANTING DEFENDANTS'
            MOTION FOR SUMMARY JUDGMENT

police officer's superiors by an anonymous tipster.  984 F.3d at 903.  The media, public, and the

police officer's co-workers were not aware of it, and the comment was ultimately deleted.  *Id.*  In

those circumstances, the Court held that bare assertions of future conflict between the police

officer and members of the public were insufficient to carry the day on summary judgment on

*Pickering*'s fifth prong.  *Id.* at 910-911.

In so holding, the Court made several observations that are apt here.  First, the Court

pointed out that the government does not have to wait until a critical mass of people notice and

complain about certain speech.  *Moser,* 984 F.3d at 910 n. 8.  The Court explained that *some*

speech is so patently offensive considered in light of a public employee's position and critical

functions, that an employer can reasonably predict certain of their speech will be disruptive.  *Id.*

Second, the Court noted that predictions of disruption are more reasonable when the challenged

speech is widely known or complained about by a plaintiff-employee's co-workers.  *Id.* at 911-

912.  Each of the above was missing in *Moser*:  only the anonymous tipster seemed to have

known of the Facebook comment, the comment itself was not plainly offensive, and plaintiff's

co-workers did not complain about it.

Here, in contrast, at the time plaintiff received the non-disciplinary letters at issue, the

District had already received complaints from plaintiff's co-workers.  That makes this case

materially different from *Moser.*  Regardless, in applying *Pickering* to some comments plaintiff

wanted to make (like telling LGTBQIA2S+ students that they were going to hell or attempting to

make them fearful), the Magistrate appropriately examined the District's obligations to all of its

students, the instructions plaintiff was given (which tracked *Pickering*), and the content of the

instructions themselves and found that they were reasonable and not as plaintiff claimed.  The

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

Magistrate appropriately applied the *Pickering* analysis to plaintiff's claims.  F&Rs at 8-9.

       **c.** ***Masterpiece Cakeshop* does not apply, but even if it does, plaintiff has not shown that the defendants were "hostile" to his beliefs.**

Plaintiff further contends that the Magistrate erred because the F&Rs do not account for

the "hostility" shown by defendants to his religious beliefs.  Objections at 7-8.  In support of this

argument, plaintiff relies on *Masterpiece Cakeshop, LLC v. Colorado Civil Rights Comm'n,* 138

S. Ct. 1719 (2018).  *Masterpiece* does not assist plaintiff's argument.

In that case, a baker, citing his religious beliefs, refused to make a cake for a same-sex

couple's wedding in violation of a Colorado anti-discrimination statute.  *Id.* at 1723-25.  The

baker was administratively cited for violating the Colorado statute.  During argument before the

Colorado Civil Rights Commission – neutral body – the one commissioner stated:

> Freedom of religion and religion has been used to justify all kinds
> of discrimination throughout history, whether it be slavery,
> whether it be the [H]olocaust… -- we can list hundreds of
> situations where freedom of religion has been used to justify
> discrimination.  And to me it is one of the most despicable pieces
> of rhetoric that people can use to -- to use their religion to hurt
> others.

*Id.* at 1729.

In light of those comments, the Supreme Court concluded that the Commission's

treatment of the baker's appeal violated the First Amendment because it demonstrated a hostility

to religion.  *Masterpiece Cakeshop* has not been applied to the employer-employee context.

Different considerations apply in this context.  *See, e.g., Downs v. Los Angeles,* 228 F.3d 1003,

1013-14 (9th Cir. 2000).  Regardless, Kolb and Sale's letters to plaintiff are not analogous to the

PAGE 7 – DEFENDANTS' RESPONSE TO OBJECTIONS TO FINDINGS GRANTING DEFENDANTS'
        MOTION FOR SUMMARY JUDGMENT

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

commissioner's comments in that case.

### d.   Kolb and Sale are entitled to qualified immunity.

Regardless of whether there was a constitutional violation, the Magistrate found that

Kolb and Sale are entitled to qualified immunity on plaintiff's Section 1983 claims.  F&Rs at 11-

13.

In his objections, plaintiff reprises his arguments considered and rejected by the

Magistrate.  Specifically, plaintiff contends, relying on *Pinard v. Clatskanie Sch. Dist. 6J,* 467

F.3d 755 (9th Cir. 2006), that whether the letters provided to plaintiff amount to an adverse

action are factual questions that must be resolved by a jury.  Objections at 3.  Plaintiff's

argument on qualified immunity misses the mark.

The Magistrate thoroughly explained qualified immunity.  Whether a law is "clearly

established" for purposes of qualified immunity is a term of art.  The standards require the court

to "identify a case" where a government employer, "acting in similar circumstances," was held to

have violated the First Amendment.  Defs Reply at 7 citing *Shafer v. County of Santa Barbara,*

868 F.3d 1010, 1117 (9th Cir. 20017).  Plaintiff had the burden to point to a case involving a K-

12 teacher engaged in similar activity and who experienced similar treatment but he failed to do

so.  The Magistrate's qualified immunity recommendation should be adopted.

### e.   Plaintiff failed to create a question of fact regarding *Monell* liability.

The Magistrate found that even if plaintiff had established a constitutional violation, he

failed to raise a question of fact regarding whether the District could be liable pursuant to *Monell*

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

*v. Dep't of Social Svs. of City of New York,* 436 U.S. 658, 691-94 (1978) on his First Amendment claims.  F&Rs at 14-15.

First, the Magistrate noted that there was no constitutional violation so the District cannot be liable under Section 1983.  F&Rs at 15.  As described above, that finding is correct.  *Second,* the Magistrate noted that plaintiff failed to plead a factual basis for *Monell* liability.  *Id.*  Plaintiff does not address his failure to plead *Monell* liability in his objections.  Objections at 10-11. Failure to plead *Monell* liability is fatal to plaintiff's Section 1983 claims against the District. *Self v. Columbia County,* 2021 WL 2875659 at *10 (D. Or. July 8, 2021).

*Third*, the Magistrate rejected plaintiff's argument that another pending lawsuit against the District was sufficient to establish *Monell* liability based on the "pattern of similar violations" theory.  F&Rs at 15.  That is, the Magistrate correctly noted that a single instance of pending litigation without a decision on the merits was insufficient to establish *Monell* liability. Plaintiff's objections do not address that ruling.  Instead, plaintiff argues, for the first time, that the Court should find *Monell* liability because Kolb and Sale were acting pursuant to official District policy when they instructed him not to harass students who are protected by the District's anti-discrimination policies.  Objections at 10.  The Court should exercise its discretion and reject plaintiff's new theory of *Monell* liability.  *Greenhow v. Sec'y of the Health and Human Servs.,* 863 F.2d 633, 338-39 (9th Cir. 1988) overruled on other grounds by *United States v. Hardesty,* 977 F.2d 1347 (9th Cir. 1992) ("[T]he Magistrate Act was [not] intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.").

Notwithstanding, plaintiff's new argument fails on the merits.  Plaintiff makes no

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

argument that the policy he challenges – the District's anti-discrimination policy – is in any manner unconstitutional or led to the alleged violation of his rights.  Plaintiff failed to create a question of fact regarding *Monell* liability on his section 1983 claims.  The Magistrate's recommendation to dismiss plaintiff's section 1983 claims against the District should accordingly be affirmed.

**II.     Plaintiff's state law constitutional claims fail as a matter of law.**

Plaintiff made three claims under the Oregon Constitution against all defendants (Second, Fourth, and Sixth claims).  The Magistrate found that the state constitutional claims fail because (a) there is no private right of action under the Oregon Constitution; (b) no laws are at issue; and (c) plaintiff provided neither case law explaining what standards apply to his Oregon Constitutional claims nor convinced the Court that the Oregon Supreme Court would analyze those claims differently than his federal claims brought under similar provisions of the federal constitution.  F&Rs at 15-16.

**a.  There is no private right of action for damages.**

There is no private right of action for damages under the Oregon Constitution.  F&Rs at 16 citing *Hunter v. City of Eugene,* 309 Or. 298 (1990).  Plaintiff does not challenge this ruling.

**b.  No state laws are at issue.**

Plaintiff's state law constitutional claims allege that defendants violated Article I, sections 2, 3, 8, and 26 of the Oregon constitution.  Those provisions in the Oregon constitution

PAGE 10 – DEFENDANTS' RESPONSE TO OBJECTIONS TO FINDINGS GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

address prohibitions against various types of laws and municipal policies.  No laws or even

municipal policies are at issue in this case.  There is no basis to grant plaintiff relief under the

Oregon constitution.  F&Rs at 15-16; *Rollins v. McMinnville School Dist., et al.,* 3:20-cv-00900-

HZ, dkt. 35 at 2 (D. Or. Nov. 27, 2021)(so holding regarding claims brought under Article I,

Section 8).  Plaintiff objects to this ruling, but only cites cases involving various laws and

policies.[1]  Objection at 12-13 citing *Merrick v. Bd. of Higher Educ.,*116 Or App 258 (1992);

*Meltebeke v. BOLI,* 322 Or 132 (1995).   Plaintiff cites no cases involving the types of

employment claims he brings in the within lawsuit.


### c.    Plaintiff provides the Court with no analytical framework to use in analyzing his Oregon Constitutional claims.

In his opposition to defendants' motion for summary judgment and in his objections to

the Magistrate's F&Rs, plaintiff failed to provide an analytical framework for the Court to use in

determining whether defendants' actions violated his rights under the Oregon Constitution.

Instead, plaintiff cites sweeping statements from the Oregon Constitution and inapposite cases,

and then declares that the Court erred in recommending dismissal of his claims.[2]  Objections at

12-14.

Courts in this District have rejected similar requests by plaintiffs to create new claims, so

---

[1] Plaintiff's objections state that there are policies at issue, like the District's anti-discrimination policy, but he does nothing to demonstrate that an anti-discrimination policy is unconstitutional or to otherwise connect that policy to his claims.

[2] Despite the expansive language the Oregon Constitution regarding speech rights, the Oregon Supreme Court has developed a complicated framework for determining whether statutes violate Article I, section 8 of the Oregon Constitution.  *State v. Robertson,* 293 Or. 402 (1982).

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

far unrecognized by Oregon courts, and instead analyze such claims consistent with similar

claims brought under the First Amendment of the federal constitution. *See, e.g.,* F&Rs at 16;

*German v. Eudaly,* 2018 WL 3212020, *5 (D. Or. Feb. 21, 2020). Defendants respectfully

request that the Court similarly deny plaintiff's request and uphold the Magistrate's

recommendation to dismiss his claims brought under the Oregon Constitution.

### III.    Plaintiff failed to create a question of fact on his Title VII claim.

The Magistrate resolved plaintiff's Title VII claims under the *McDonnell-Douglas*

burden-shifting framework. The Magistrate found that plaintiff failed to meet the elements of his

claim under that structure. F&Rs at 17-18.

#### a.  Plaintiff did not suffer an adverse action.

As with his First Amendment claim, the Magistrate found that plaintiff did not suffer an

adverse action. F&Rs at 17. Plaintiff objects to that ruling, citing an unpublished California

case for the proposition that "a public employer's investigation into an employee's exercise of

his First Amendment rights, coupled with threats of discipline or termination, constitutes an

adverse employment action for purposes of Title VII." Objections at 14-15 citing *Santa Maria*

*City Firefighters Union v. City of Santa Maria. Santa Maria* is distinguishable.

First, *Santa Maria* involved a motion to dismiss, not the evidentiary motion that is subject

to the within dispute. 2019 WL 9047063 at *1 & n. 1 (C.D. Cal. Dec. 2, 2019). Second, in

*Santa Maria,* the complaint alleged that the employee-speakers directly criticized their

supervisors, and that those same supervisors launched an investigation into them because of their

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

speech. *Id.* at *2. Here, in contrast, the investigations into plaintiffs were in no way initiated by plaintiff's supervisors. Rather, plaintiff's co-workers who are also District parents raised concerns. The District conducted an investigation pursuant to its policies and found that plaintiff had not violated policy.

In these circumstances, the Magistrate appropriately found that plaintiff had not suffered an adverse employment action.

**b. Similarly situated individuals were not treated differently.**

The Magistrate found that plaintiff failed to identify appropriate comparators who experienced differential treatment. F&Rs at 17. Plaintiff does not object to this finding. Rather, he asserts that he can show causation either by showing differential treatment or submitting other evidence that raises an inference of discrimination and asserts that he did so by pointing to the letters from Sale and Kolb. Objections at 15.

The letters are attached to the Complaint. This Court, as the Magistrate has done, can review those letters for itself. The letters simply do not reflect the "hostility" plaintiff claims.

**IV.    Plaintiff's request for injunctive relief is moot and improper on the merits.**

Absent a constitutional violation, plaintiff cannot seek injunctive relief. Notwithstanding, plaintiff's request for injunctive relief is moot and no exceptions apply. Defs' Reply at 16-17. In addition, plaintiff's objections suggest that he is to seek an impermissible "obey-the-law" injunction. *Id.*

PAGE 13 – DEFENDANTS' RESPONSE TO OBJECTIONS TO FINDINGS GRANTING DEFENDANTS'
          MOTION FOR SUMMARY JUDGMENT

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975

## CONCLUSION

For the reasons given in their prior summary judgment briefing and above, defendants respectfully request that the Court adopt the Magistrate's F&Rs and grant their motion for summary judgment against all claims in plaintiff's complaint.

DATED: June 1, 2022.

VICKERS PLASS LLC


_____s/Karen M. Vickers_____
**KAREN M. VICKERS,** OSB No. 913810
kvickers@vickersplass.com
503-726-5985
**BETH F. PLASS,** OSB No. 122031
bplass@vickersplass.com
503-726-5975
Of Attorneys for Defendants

VICKERS PLASS LLC
5200 SW MEADOWS ROAD, SUITE 150
LAKE OSWEGO, OREGON 97035
(503) 726-5985| (503) 726-5975